UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACLYN ANGELILLI, individually and on behalf of D.G., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC.;<br>INFINITY WARD, INC.;<br>TREYARCH CORP.:<br>SLEDGEHAMMER GAMES, INC.;<br>RAVEN SOFTWARE CORPORATION;<br>MICROSOFT CORPORATION;<br>EPIC GAMES, INC.;<br>ROBLOX CORPORATION;<br>WAR DRUM STUDIOS LLC d/b/a GROVE STREET GAMES;<br>ROCKSTAR NORTH LIMITED;<br>ROCKSTAR GAMES, INC.;<br>TAKE-TWO INTERACTIVE SOFTWARE, INC.;<br>SONY INTERACTIVE ENTERTAINMENT LLC;<br>NINTENDO OF AMERICA INC.;<br>GOOGLE LLC; and<br>APPLE, INC.,<br>Defendants. | Case No.: 1:23-cv-16566<br><br>Hon. Manish S. Shah |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR A STAY**

1

**I.    INTRODUCTION**

There is no good cause for staying this case. Contrary to Plaintiffs' urging in their motion (Docket No. 100), a stay would not save resources; it would waste them, contravening core tenets of judicial economy and unduly prejudicing Defendants. Plaintiffs seek to disrupt a schedule that the parties negotiated to coordinate the briefing of motions to dismiss and to compel arbitration across four different cases, including this one. After Defendants had filed motions in two cases and shortly before Plaintiffs' first oppositions were due, Plaintiffs moved to stay all the cases. One court already has rejected Plaintiffs' effort to disrupt the parties' agreed-upon schedule. *See Dunn v. Activision Blizzard, Inc., et al*, No. 3:23-CV-00224 (E.D. Ark.), Docket No. 118. As Defendants are well underway drafting motions that should close the case in this Court—by dismissal or transfer to arbitration—this Court should do the same.

Plaintiffs' desire to avoid Defendants' motions to compel arbitration and to dismiss is not good cause, nor is Plaintiffs' filing of a petition to centralize this case (along with just four others, all but one filed by the same attorneys) before the JPML. A JPML petition itself does not automatically justify a stay; it has no effect on this Court's "orders and pretrial proceedings." JPML Rule of Procedure 2.1(d). Here, there is reason to doubt that the JPML will grant Plaintiffs' petition, given the small number of cases, common counsel across them, and the parties' demonstrated ability to informally coordinate (as reflected by the schedules agreed upon by plaintiffs and defendants in multiple cases).

But even if Plaintiffs' JPML petition were more credible, deciding the forthcoming motions will "help[] to move the cases forward," which can be "quite helpful to the MDL judge in administering the cases," and "ultimately saves the parties time and expense as well." *Quinn v. JPMorgan Chase Bank, N.A.*, No. 20-CV-4100 (JSR), 2020 WL 3472448, at *2 (S.D.N.Y. June 24, 2020). Here, resolving Defendants' forthcoming motions on the agreed schedule, rather

than later in a complex MDL proceeding (if one is even established), is the most efficient use of judicial resources. That is particularly true with respect to the forthcoming motions to compel arbitration. Regardless of whether those motions are granted or denied, the JPML will have no power to centralize cases against affected Defendants—the cases against the affected Defendants will either be compelled to arbitration or subject to a mandatory stay during the interlocutory appeals those Defendants would have as of right following denials of the motions. And granting a stay here would be particularly prejudicial to Defendant Apple Inc. ("Apple") who is not a party to any of the other cases that are the subject of the petition to centralize that forms the basis for Plaintiffs' request.

The Court should deny Plaintiffs' motion.

## II.     BACKGROUND

This case was filed in early December 2023. It was the fourth of six federal cases alleging that different video games, made and sold by different companies, were designed to be addictive. The law firm representing Plaintiffs has filed five of those six cases.

In January 2024, Plaintiffs agreed to a coordinated briefing schedule across the first four cases, including this case. Under the stipulated schedule adopted by this Court, Defendants' dispositive motions are due April 19; and all briefing will be complete by June 28. (Docket No. 58.)

Following this agreed-upon schedule, Defendants are prepared to file motions to dismiss and, in some cases, motions to compel arbitration. These motions should result in dismissal of this case— if not under the arbitration clauses that many Defendants will invoke (and which require the claims to proceed in a different forum), then under the First Amendment, Section 230, and other legal doctrines. Plaintiffs negotiated similar, but staggered schedules in three of

the other pending federal cases—*Dunn, Johnson*, and *Jimenez*—with the parties briefing the other cases (in that order) before this case.

Since then, little has changed. On March 13, Plaintiffs' counsel filed another case and, a day later, a petition to centralize the then-five cases before the JPML. (*See* Docket No. 100-1.) One additional federal case has been filed since then. (*See* Docket No. 100-2 (Exhibit B) (listing five of the six now-pending cases, all filed by Plaintiffs' counsel)); *see also Donerson v. Epic Games, et. al.*, No. 24-CV-41 (E.D. Ark.) (filed March 18, 2024).

The timing of the JPML petition is telling: Plaintiffs' counsel filed it *after* Defendants had filed motions to dismiss and to compel arbitration in *Dunn* and *Johnson*, and just a few weeks before Defendants' joint motions to dismiss and motions to compel arbitration in this case are due. Plaintiffs' counsel announced their intent to seek a stay just days after filing the JPML petition; they asked for Defendants to respond by Friday, March 22. The day *before* that deadline, Plaintiffs' counsel unilaterally advanced it; demanded a response by the end of the day; then filed a motion to stay without replying to Defendants' offer to meet and confer over the phone. (Docket Nos. 100-101.) One court has already rejected this gambit. *See Dunn v. Activision Blizzard et al.*, No. 3:23-cv-00224-JM, Docket No. 118. This Court should too.

## III. ARGUMENT

Defendants' forthcoming motions make clear that many of Defendants should be in arbitration (not court) and that the remaining claims should be dismissed because they are barred by the First Amendment, Section 230, and other well-established law. This Court should not hesitate to decide those motions.

### A. Legal Standards

A JPML petition to centralize "does not affect or suspend orders and pretrial proceedings in any pending federal district court action[.]" JPML Rule of Procedure 2.1(d). District courts

have discretion to stay proceedings.  *See Sellers v. Boehringer Ingelheim Pharms., Inc.,* 881 F. Supp. 2d 992, 999 (S.D. Ill. July 25, 2012); *see also Ill. Mun. Ret. Fund v. Citigroup, Inc.,* 391 F.3d 844, 850–51 (7th Cir. 2004).  "Because a stay has the potential to damage the nonmoving party, a district court should exercise its discretionary power to stay proceedings in moderation." *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000, 1007 (D. Minn. 2018).

Courts considering opposed motions to stay pending MDL petitions consider "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party; and (3) the interests of judicial economy and efficiency."  *See Terkel v. AT&T Inc.*, No. 06 C 2680, 2006 WL 1663456, at *1 (N.D. Ill. June 9, 2006); *see also Wisconsin v. Abbott Labs.*, No. 04-cv-447, 2004 WL 2055717, at *1 (W.D. Wis. Sept. 9, 2004).  Although—as Plaintiffs note—courts grant *joint* motions to stay pending the outcome of a JPML petition, this is not a joint motion; Defendants oppose.  *See Stoddart v. DraftKings, Inc.*, No. 3:15-CV-1307-DRH-DGW, 2015 WL 13158333, at *1 (S.D. Ill. Dec. 16, 2015).

Plaintiffs, as the proponents of a stay, bear a "heavy burden" of establishing its need. *Busch v. Bluestem Brands, Inc.*, No. 16-CV-0644 (WMW/HB), 2017 WL 5054391, at *1 (D. Minn. Feb. 22, 2017); *Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba*, 477 F.3d 942, 945, n.3 (8th Cir. 2007).

### B. A Stay Frustrates Judicial Economy and Prejudices Defendants by Delaying this Court's Consideration of Dispositive Motions

There is a good reason for this case to proceed on the parties' agreed-upon schedule despite Plaintiffs' JPML petition.  Dispositive motions that Defendants will soon be filing—both to compel arbitration and to dismiss—can and should result in dismissal from this Court.

### 1. The Interests of Judicial Economy and Efficiency Do Not Support a Stay

Even if Plaintiffs' JPML petition was a sure thing—and it is not—there is no good cause for a stay. "[C]ontrary to the frequently voiced claims of 'duplication' and 'wasted effort,' . . . no party materially suffers from the fact that some initial motion practice or discovery has transpired before the MDL takes effect. On the contrary, it helps to move the cases forward." *Quinn*, 2020 WL 3472448, at *2. "This is because, while MDL consolidation in appropriate cases undoubtedly saves time and expense for the litigation overall (as well as enhancing uniformity), the modest amount of litigation that has already transpired in individual cases preceding the granting of an MDL petition is not only . . . quite helpful to the MDL judge in administering the cases, but also, by that very fact, ultimately saves the parties time and expense as well." *Id.* And even if a JPML petition is ultimately granted, "the preliminary disputes arising in these earlier proceedings enable the . . . judge to quickly learn what kinds of discovery and other pre-trial issues are likely to arise in the now-centralized cases, and, more generally, to get a feel for what these cases are really about." *Id.*

Briefing the forthcoming dispositive motions would not just "save[] the parties time and expense" and be "helpful to [a potential] MDL judge" in a theoretical way: the motions could result in dismissal of this case. *Quinn*, 2020 WL 3472448, at *2; *see also Piper*, 2021 WL 1259680, at *2 (S.D. Ill. Apr. 6, 2021) (denying plaintiff's motion to stay pending JPML transfer reasoning that "[n]o matter where the cases end up, [d]efendants will still be required to file responsive pleadings…. A stay will only delay the inevitable by weeks, if not months.").

### 2. A Stay Is Particularly Inappropriate Given Forthcoming Motions to Compel Arbitration

There is no reason to delay consideration of Defendants' forthcoming motions to compel arbitration. The motions to compel turn on interpretations of specific states' laws and the factual

circumstances of *these* specific Plaintiffs.  As a result, briefing (and potentially resolving) the motions would simplify the task before any eventual MDL judge by eliminating the need to delve into relevant state law and Plaintiff-specific facts.  *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004); *Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 850–51 (7th Cir. 2004).  The JPML has previously denied a motion to centralize where "one of the actions is being arbitrated and others could proceed to arbitration."  *In re: Yellow Brass Plumbing Component Prod. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378–79 (J.P.M.L. Feb. 9, 2012).  As the United States Supreme Court made clear in its recent decision in *Coinbase v. Bielski*, 599 U.S. 736 (2023), a district court must "stay its proceedings while the interlocutory appeal on arbitrability is ongoing."  *Id.* at 741.  It would make little sense to centralize claims subject to arbitration only to dismiss them or stay them pending any denial of motions to compel arbitration.

### 3. A Stay Would Prejudice Defendants Who Have Strong Defenses to Plaintiffs' Claims

A stay would also unfairly prejudice Defendants because it would postpone resolution of Defendants' meritorious arguments in favor of dismissal and compelling arbitration.

Among other reasons, the claims against all of the Defendants are barred under the First Amendment, which protects the publication and distribution of constitutionally protected speech, including video games.  *See Brown v. Entertainment Merchants Association*, 564 U.S. 786 (2005).  Further, the claims against the Defendants who operate platforms that host games are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), which protects online platforms from liability for disseminating allegedly objectionable third-party content, *see Doe v. GTE Corp.*, 347 F.3d 655, 661 (7th Cir. 2003).

7

Defendants have been proceeding in reliance on the agreed briefing schedule, and have been planning to file their dispositive motions setting forth these and other defenses in April. There is no good reason to prevent Defendants from seeking to compel these claims to arbitration or to have them dismissed merely because Plaintiffs have filed a weak request for centralization in an MDL.

### 4. Plaintiffs Cannot Meet Their Burden for JPML Centralization

Delay of rulings in this case is also prejudicial because Plaintiffs cannot meet their burden for JPML centralization. There are "few benefits" to a stay if the JPML is "unlikely to centralize the [] cases." *R.C. v. Choice Hotels Int'l, Inc.*, No. 5:23-CV-00872, 2024 WL 308302, at *3 (N.D. Ohio Jan. 27, 2024); *see also Blackmore v. Smitty's Supply, Inc.*, 451 F. Supp. 3d 1003, 1005 (N.D. Iowa 2020) 1007–08.

Because Plaintiffs petition to centralize only five cases, they carry a "heavy burden" to show why the cases should be centralized. Plaintiffs likely cannot meet that heavy burden, given the factual differences among the video games and platforms at issue, the individual plaintiffs' claims and the different sets of defendants at issue in each case—all in addition to the individualized arbitration issues described above. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010); *In re Children's Personal Care Products Liability Litig.*, 655 F. Supp. 2d 1365, 1366 (2009). In addition, a stay is unwarranted given that the same counsel represents plaintiffs in five of the six pending cases, and the parties have been successfully informally coordinating across matters, including with respect to staggered briefing schedules. *See, e.g., Blackmore*, 451 F. Supp. 3d at 1007–08 (N.D. Iowa 2020) (denying stay pending JPML ruling on petition where there were "seven actions and no potential tag-along actions" and "the parties are represented by the same counsel on both sides in every case, making coordinated discovery feasible without formal consolidation in an MDL").

8

## C. Denying the Motion to Stay Will Not Impose Unfair Hardship on Plaintiffs

The only hardship Plaintiffs claim—the difficulty of "simultaneously litigating" in several courts—rings hollow. (Docket No. 101 at 5.) That is a hardship Plaintiffs *knew about* when they filed these cases and agreed to the current stipulated briefing schedule. At the time they agreed to the schedule in this case, Plaintiffs' counsel had several other similar federal cases pending. As a result, Defendants cooperated with Plaintiffs' counsel to stagger the briefing schedules across the several cases. That schedule is no more difficult now than it was when Plaintiffs and Defendants agreed to it—and that kind of successful coordination "render[s] the risk of duplicative" litigation or discovery a "non-issue." *Stuart v. DaimlerChrysler Corp.*, No. 1:08-CV-0632 OWW GSA, 2008 WL 11388470, at *3 (E.D. Cal. Dec. 23, 2008). As *Stuart* concluded, "[i]f there will be any prejudice to Plaintiffs by denying a stay, it will . . . be minor." *Id.*

## D. At a Minimum, This Court Should Not Stay the Deadlines for the Motions to Compel Arbitration

At minimum, this Court should move forward as scheduled on the forthcoming motions to compel arbitration. Those motions, whether granted or denied, would place many claims outside of any potential MDL. If this Court (or the potential transferee court) grants the motions to compel arbitration, then the claims against those Defendants will no longer be pending in court at all.

And even if the Court (or the potential transferee court) denies those motions, those Defendants would be entitled to interlocutory appeals and an immediate stay of all other proceedings under *Coinbase*, 599 U.S. at 738. Although some JPML decisions minimize the impact of arbitration motions on a JPML petition, most of those cases were decided before *Coinbase*, and their reasoning is in tension if not conflict with *Coinbase* itself. *See, e.g.*, *In re*

9

*Uber Techs., Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351, 1354 (J.P.M.L. 2018). Regardless: the JPML's *own* unwillingness to consider arbitration issues before centralization is tied to the JPML's duty not to assess the merits of litigation. *See In re T-Mobile 2022 Customer Data Sec. Breach Litig.*, --- F. Supp. 3d. ---, 2023 WL 3829244, at *2 (J.P.M.L. June 2, 2023). This Court has the converse duty—it *is* charged with assessing the merits of litigation—including the forthcoming motions to compel arbitration.

## IV. CONCLUSION

Plaintiffs' request for a stay—delaying the briefing of motions to dismiss and to compel arbitration on the schedule the parties agreed to and the Court adopted—should be denied. (*See* Docket Nos. 47 & 58).

DATED: March 29, 2024

Respectfully submitted,

*/s/ Tonya G. Newman*

**NEAL, GERBER & EISENBERG** LLP
Lee J. Eulgen
leulgen@nge.com
Tonya G. Newman
tnewman@nge.com
2 N. LaSalle St. Suite 1700
Chicago, IL 60602
Phone: (312) 269-8000

and

**MITCHELL SILBERBERG & KNUPP LLP**
Karin G. Pagnanelli (Pro Hac Vice)
kgp@msk.com
Marc E. Mayer (Pro Hac Vice forthcoming)
mem@msk.com
Gabriella N. Ismaj (Pro Hac Vice)
gan@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Tel: (310) 310-2000
Fax: (310) 312-3100

*Attorneys for Defendants Take-Two Interactive Software, Inc., Rockstar Games UK Ltd. (erroneously named as Rockstar North Limited), and Rockstar Games, Inc.*

**DENTONS US LLP**
Timothy Storino – ARDC 6287489
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Phone: (312) 876-2846
Fax: (312) 876-7934
Email: timothy.storino@dentons.com

Andrew S. Azarmi – (Pro Hac Vice forthcoming)
1999 Harrison St., Suite 1300
Oakland, California 94612
Phone: (415) 882-5000
Fax: (415) 882-0300
Email: andrew.azarmi@dentons.com

*Attorneys for Apple Inc.*

**BRYAN CAVE LEIGHTON PAISNER LLP**
Christopher J. Schmidt, IL Bar #6295695
Daniel C. Nester, IL Bar #6208872
Darci F. Madden, IL Bar #6271662
Seth M. Reid, MO Bar #76198
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: 314.259.2616
Facsimile: 314.259.2020
christopher.schmidt@bclplaw.com
dan.nester@bclplaw.com
darci.madden@bclplaw.com
seth.reid@bclplaw.com

Brian A. Sher, #6196964
Lauren J. Caisman, #6312465
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone: 312.602.5070
Facsimile: 312.602.5050
brian.sher@bclplaw.com
lauren.caisman@bclplaw.com

and

**WILSON SONSINI GOODRICH & ROSATI**
Brian M. Willen (Pro Hac Vice)
Jeremy Auster (Pro Hac Vice)
1301 6th Ave, #40
New York, New York 10019
Telephone: (212) 453-2862
E-mail: bwillen@wsgr.com;
jauster@wsgr.com

Christopher Chiou (Pro Hac Vice)
953 East Third Street, Suite 100
Los Angeles, California 90013
Telephone: (323) 210-2987
E-mail: cchiou@wsgr.com

*Attorneys for Defendant Google LLC*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Joshua H. Lerner (Pro Hac Vice)
joshua.lerner@wilmerhale.com
One Front Street, Suite 3500
San Francisco, CA 94111
Phone: (628) 235-1124
Fax: (628) 235-1001

Ari Holtzblatt (Pro Hac Vice)
ari.holtzblatt@wilmerhale.com
Karin Dryhurst (Pro Hac Vice)
karin.dryhurst@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for Defendant Sony Interactive Entertainment LLC*

**JENNER & BLOCK LLP**
Megan Poetzel
353 North Clark Street
Chicago, IL 60654
Telephone: 312-222-9350
Email: mpoetzel@jenner.com

Alison I. Stein (Pro Hac Vice)
Cayman Mitchell (Pro Hac Vice)
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: 212-891-1622
Email: astein@jenner.com
Email: cmitchell@jenner.com

*Attorneys for Defendant*
*Nintendo of America Inc.*

**SWANSON MARTIN & BELL LLP**
Michael A. McCaskey
mmccaskey@smbtrials.com
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-8464

and

**HUESTON HENNIGAN LLP**
Moez M. Kaba (Pro Hac Vice)
mkaba@hueston.com
Allison L. Libeu (Pro Hac Vice)
alibeu@hueston.com
Padraic Foran (Pro Hac Vice)
pforan@hueston.com
523 West 6th St., Suite 400
Los Angeles, California 90014
(213) 788-4340

Adam Minchew (Pro Hac Vice)
aminchew@hueston.com
1 Little West 12th St.
New York, New York 10014
(646) 930-4046

*Attorneys for Defendant Epic Games, Inc.*

**TABET DIVITO & ROTHSTEIN**
Daniel L. Stanner
Amanda N. Catalano
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604
Telephone: (312) 762-9461
E-MAIL: dstanner@tdrlaw.com

13

and

**DAVIS WRIGHT TREMAINE LLP**
Ambika Kumar (Pro Hac Vice)
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 757-8030
E-MAIL: ambikakumar@dwt.com

Adam S. Sieff (Pro Hac Vice)
865 S. Figueroa St., 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-8618
E-MAIL: adamsieff@dwt.com

and

**COVINGTON & BURLING LLP**
David Sneed (Pro Hac Vice)
Gary M. Rubman (Pro Hac Vice)
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
E-MAIL: dsneed@cov.com
rubman@cov.com

Kathryn Cahoy (Pro Hac Vice)
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-21121
Telephone: (650) 632-4735
E-MAIL: kcahoy@cov.com

*Counsel for Defendant Microsoft Corporation*

**KING & SPALDING LLP**
Julia R. Zousmer
110 N. Upper Wacker Dr., Suite 3800
Chicago, IL 60606
Tel: (312) 995-6333
jzousmer@kslaw.com

Geoffrey M. Drake (admitted *pro hac vice*)
TaCara Harris (admitted *pro hac vice*)
1180 Peachtree St., NE, Suite 1600

Atlanta, GA 30309
Tel: (404) 572-4600
gdrake@kslaw.com
tharris@kslaw.com

David P. Mattern (admitted *pro hac vice*)
Paul Weeks (admitted *pro hac vice*)
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Tel: (202) 737-0500
dmattern@kslaw.com
pweeks@kslaw.com

*Attorneys for Defendants Activision Blizzard, Inc., Infinity Ward, Inc., Treyarch Corp., and Sledgehammer Games, Inc.*

**HUSCH BLACKWELL LLP**
Dominique Savinelli, #6323175
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Tel: (312) 526-1518
Dominique.Savinelli@huschblackwell.com

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Behnam Dayanim, pro hac vice forthcoming
Will Stute, pro hac vice forthcoming
2100 Pennsylvania Ave., N.W.
Washington, D.C. 200037
Tel: 202.339.8400
bdayanim@orrick.com
wstute@orrick.com

David P. Fuad, pro hac vice forthcoming
355 S. Grand Ave., Suite 2700
Los Angeles, California 90071
Tel: 213-629-2020
dfuad@orrick.com

*Counsel for Defendant Roblox Corporation*

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that on March 24, 2024, she electronically filed the foregoing *Defendants' Opposition To Plaintiffs' Motion For A Stay* using the CM/ECF system, which will send notice of this electronic filing to all counsel of record receiving electronic notification.

By: */s/ Tonya G. Newman*
One of the Rockstar Defendants' Attorney