UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACLYN ANGELILLI, individually and on behalf of D.G., a minor, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| | ) Case No.: 1:23-cv-16566 |
| ACTIVISION BLIZZARD, INC.; INFINITY WARD, INC.; TREYARCH CORP.: SLEDGEHAMMER GAMES, INC.; RAVEN SOFTWARE CORPORATION; MICROSOFT CORPORATION; EPIC GAMES, INC.; ROBLOX CORPORATION; WAR DRUM STUDIOS LLC d/b/a GROVE STREET GAMES; ROCKSTAR NORTH LIMITED; ROCKSTAR GAMES, INC.; TAKE-TWO INTERACTIVE SOFTWARE, INC.; SONY INTERACTIVE ENTERTAINMENT, LLC; NINTENDO OF AMERICA, INC.; GOOGLE LLC; and APPLE, INC., Defendants. | ) ) Hon. Manish S. Shah ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR A STAY**

Defendant Apple Inc. ("Apple") opposes Plaintiffs' motion to stay this case. Dkt. 100. Apple joined in Defendants' collective Opposition to Plaintiffs' Motion to Stay and incorporates the points made in that Opposition herein. Because Apple believes that stay would be particularly prejudicial to it, Apple submits the following supplemental points urging the Court to deny stay.

1

**I.     INTRODUCTION**

Not only should the stay be denied for the myriad of reasons raised in the Defendants' Opposition, but granting a stay here would be particularly prejudicial to Apple. Not only is Apple not a party to *any* of the other cases that are the subject of the MDL petition underlying Plaintiffs' request, but, there is also no viable claim against Apple. Plaintiffs' overarching alleged injury is from the "addictive" content of video games. Apple is solely a platform for third-party content and had no role in developing the video games at issue in Plaintiffs' Complaint. Apple is entitled to early dismissal of this action under both Section 230 of the Communications Decency Act and Illinois product liability law.[1] Plaintiffs' motion to stay seeks to deprive Apple of having its dispositive legal arguments heard by *any* court while it awaits the outcome of an MDL petition it should not even be a part of.

As the other Defendants' opposition (Dkt. 103) explains in greater detail, a separate federal court has already declined to stay a case involving similar claims brought by Plaintiffs' counsel, *Dunn v. Activision Blizzard, Inc., et al*, No. 3:23-CV-00224 (E.D. Ark.). Likewise here, the only ones who benefit from a stay are Plaintiffs, whose counsel is obviously trying to engineer grounds for an MDL. But Apple should not be forced to ride along at Plaintiffs' whim—if Plaintiffs believe their legal theories against Apple are valid, then they should oppose Apple's Rule 12(b)(6) motion to dismiss and see if any of their claims survive.

A JPML petition itself does not justify a stay—it has no effect on this Court's "orders and pretrial proceedings." JPML Rule of Procedure 2.1(d). Indeed, deciding the forthcoming motions will "help[] to move the cases forward," which can be "quite helpful to the MDL judge in administering the cases," and "ultimately saves the parties time and expense as well." *Quinn*

---

[1] These arguments supporting dismissal also will be made by, and apply to, other Platform Defendants in this case.

*v. JPMorgan Chase Bank, N.A.*, No. 20-CV-4100 (JSR), 2020 WL 3472448, at *2 (S.D.N.Y. June 24, 2020). The Court should deny Plaintiffs' motion for a stay of the case they filed.

## II. APPLE'S ADDITIONAL ARGUMENTS AGAINST STAY

Out of respect for the Court's time and resources, Apple will not repeat all of the points and authorities set forth in Defendants' collective opposition to stay.

Beyond that, however, a stay would unfairly prejudice Apple because it would let Plaintiffs avoid actually litigating the case *they filed* while preventing Apple from presenting at an early stage *its* arguments in favor of dismissal—arguments it strongly believes are dispositive from the outset of this case. Although this is the only pending case involving Apple, the company could find itself embroiled in MDL processes without the opportunity for the early exit to which it believes it is entitled. As an initial matter, the claims against all Defendants (including Apple) are barred by the First Amendment, which protects the publication and distribution of constitutionally protected speech, including video games. *See Brown v. Ent. Merchants Ass'n,* 564 U.S. 786, 790 (2011); *Smith v. California,* 361 U.S. 147, 150 (1959).

But even more than that, Apple is named in Plaintiffs' Complaint for the mere fact that it owns and operates the Apple App Store, an online platform which allows third-party content to be downloaded by users of the App Store when using their Apple devices. Apple played zero role in designing the games at issue—it created *none* of the content of those games—and instead is sued for merely providing one of the platforms from which Plaintiffs allegedly downloaded the third-party games they played. Consequently, the claims against them are flatly barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), which protects online platforms from liability for disseminating allegedly objectionable third-party content. *See Doe v. GTE Corp.*, 347 F.3d 655, 661 (7th Cir. 2003).

Moreover, Section 230 is also designed to spare online platforms not only from liability, but also from the time and costs of fighting legal battles. *See, e.g., Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("[Courts] aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from ultimate liability, but also from having to fight costly and protracted legal battles."). Plaintiffs' motion to stay these proceedings directly frustrates this intent.

Apple has been proceeding in good faith under the agreed-upon briefing schedule. Forcing Apple to remain involved in this case pending an MDL determination, when there is a strong likelihood that the claims against it will be dismissed at an early stage, is inefficient and prejudicial.

### III. CONCLUSION

Plaintiffs' motion to stay this case should be denied.

DATED: March 29, 2024          Respectfully submitted,

        /s/ *Timothy Storino*

        **DENTONS US LLP**
        Timothy Storino – ARDC 6287489
        233 South Wacker Drive, Suite 5900
        Chicago, Illinois 60606
        Phone: (312) 876-2846
        Fax: (312) 876-7934
        Email: timothy.storino@dentons.com

        Andrew S. Azarmi – (*pro hac vice forthcoming*)
        1999 Harrison St., Suite 1210
        Oakland, California 94612
        Phone: (415) 882-5000
        Fax: (415) 882-0300
        Email: andrew.azarmi@dentons.com

        *Attorneys for* APPLE INC.

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 29, 2024, the foregoing ***Defendant Apple Inc.'s Opposition to Plaintiffs' Motion For A Stay*** was filed using the CM/ECF system, which will send notice of this electronic filing to all counsel of record receiving electronic notification.

/s/ *Timothy Storino*
Timothy Storino
