IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACLYN ANGELILLI, individually and on behalf of D.G., a minor, | Case No. 1:23-cv-16566 |
| Plaintiffs, | Hon. Manish S. Shah |
| v. | JURY TRIAL DEMANDED |
| ACTIVISION BLIZZARD, INC.; INFINITY WARD, INC.; TREYARCH CORP.; SLEDGEHAMMER GAMES, INC.; RAVEN SOFTWARE CORPORATION; MICROSOFT CORPORATION; EPIC GAMES, INC; ROBLOX CORPORATION; WAR DRUM STUDIOS LLC d/b/a GROVE STREET GAMES, INC; ROCKSTAR NORTH LIMITED; ROCKSTAR GAMES, INC.; TAKE-TWO INTERACTIVE SOFTWARE, INC.; SONY INTERACTIVE ENTERTAINMENT, LLC; NINTENDO OF AMERICA, INC.; GOOGLE LLC; and APPLE, INC. Defendants. | |

### ROBLOX CORP.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Roblox Corporation ("Roblox") respectfully requests that this Court enter an Order dismissing Plaintiffs' nineteen-count Complaint in its entirety for failure to state a claim upon which relief can be granted. Plaintiff Jacyln Angelilli filed the Complaint on December 6, 2023, on behalf of D.G., a 9-year-old minor alleging that D.G. became "addicted" to playing games that other users created. Compl. ¶¶ 264, 314, 328, 336.

In support of its Motion, Roblox adopts all of the arguments in the concurrently filed Developer Defendants' motion to dismiss ("Developer Defendants' Brief") and Platform

Defendants' motion to dismiss ("Platform Defendants' Brief"). Roblox moves on the following grounds:

1. First, Section 230 of the Communications Decency Act is a defense to all of Plaintiffs' claims (Counts I – XIX). Roblox, like the other Platform Defendants, hosts and enables access to games created by third parties. Plaintiffs' claims would hold Roblox legally responsible as "the messenger" for information that third parties created and developed, which is precluded under Section 230. That provision provides that "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1); *accord* § 230(e)(3) (expressly preempting inconsistent causes of action under state law). Indeed, this provision "precludes liability . . . where the success of the underlying claims requires the defendant to be considered a publisher or speaker of [third-party] content." *Webber v. Armslist LLC*, 70 F.4th 945, 957 (7th Cir. 2023).

2. Second, the First Amendment protects Roblox from all of Plaintiffs' claims. The First Amendment protects speech *output*, as well as the "integral" *inputs* that "facilitate[]" the creation of expression, just as much as the expression itself. *ACLU of Ill. V. Alvarez*, 679 F.3d 583, 595-97 (7th Cir. 2012) (citing *Buckley v. Valeo*, 424 U.S. 1, 19 (1976)) (cleaned up); *Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1061 (9th Cir. 2010). Video game content is protected speech, and, just as the First Amendment protects those who create speech, it also shields those like Roblox who publish, curate, and disseminate speech.

3. Third, Plaintiffs' Uniform Deceptive Trade Practices Act ("UDTPA") claim (Count XIII) is barred by the statute's safe harbor provision. The UDTPA does not apply to those like Roblox: "publishers, broadcasters, printers or other persons engaged in the dissemination of

2

information . . . who publish, broadcast or reproduce material without knowledge of its deceptive character." 815 ILCS 510/4-(2).

4. Fourth, Plaintiffs fail to plead viable product liability claims (Counts I – VI) against Roblox. These claims, which depend on the existence of a "product," fail because Roblox is not a "product" subject to product liability law. Roblox adopts and incorporates by reference the Developer Defendants' arguments explaining why the intangible expressive media – Roblox and the games made available through the platform – are not "products."

5. Fifth, Plaintiffs' product liability and negligence claims targeting the dissemination of video game content (Counts I – VIII) fail because speech intermediaries like Roblox have no legal duty to protect their audiences from alleged harm from video game content. *Page v. Blank*, 262 Ill. App. 3d 580, 581 (1994) ("The existence of a duty is a question of law to be determined by the court."); *see also Johnson v. Armstrong*, 211 N.E.3d 355, 371 (Ill. 2022) ("in every cause of action for negligence, the plaintiff must establish that a duty exists and must also identify what the duty is").

6. Sixth, Plaintiffs' negligence per se claim (Count VII) alleging violations of various statutes fails because either the statutes do not provide for strict liability, or, in the case of the Children's Online Privacy Protection Act ("COPPA"), are preempted. Under Illinois law, statutory violations can form the basis of a negligence per se claim "only if the statute provides for strict liability if violated." *Test Drilling Serv. Co. v. Hanor Co.*, 322 F. Supp. 2d 957, 964 (C.D. Ill. 2003). Because none of the ICFDBPA, UDTPA, and IBIPA provide for strict liability, Plaintiffs' claims against Roblox based on those statutes must fail. *See* 15 U.S.C. § 6501, 815 ILCS § 815.505/1 *et seq.*, 815 ILCS §§ 510/1 *et seq.*, 740 ILCS § 14/1 *et seq.* Further, Plaintiffs fail to allege basic elements of their Illinois Biometric Information Privacy Act ("IBIPA") claim. IBIPA generally

provides that a company may not "collect, capture, . . . or otherwise obtain" a person's "biometric identifier" or "biometric information" without first providing notice and obtaining consent. 740 ILCS 14/15 (b). Plaintiffs allege that the "voice chat" feature on Roblox violates § 15 of IBIPA and that therefore Roblox was negligent per se. Liability under § 15 of IBIPA requires a plaintiff to show that the defendant did something "beyond possession" of the biometric information; the company "must undertake some effort to collect or obtain biometric identifiers or information." *Jones v. Microsoft Corp.*, 649 F. Supp. 3d 679, 683 (N.D. Ill. 2023); *see also Stauffer v. Innovative Heights Fairview Heights, LLC*, 2022 WL 3139507, at *6 (S.D. Ill. Aug. 5, 2022). Plaintiffs fail to plead that Roblox even "possesses" D.G.'s biometric information.

7. Seventh, Plaintiffs' claims (Counts I – XIX) fail because Plaintiffs fail to allege how Roblox directly or proximately caused their injuries. Plaintiffs accuse Roblox of making allegedly addictive user-generated games available. When a "defendants' business practices merely create a condition that makes the eventual harm possible," the "conduct cannot constitute a legal cause of the alleged [harm]." *Young v. Bryco Arms*, 213 Ill. 2d 433, 455 (2004). Causation is not established simply by making available neutral tools—as Roblox has done—that users employ to create their own content or by distributing that user-generated content. *Crosby v. Twitter, Inc.*, 921 F.3d 617, 625 (6th Cir. 2019) (affirming dismissal of a case against Google, Twitter, and Facebook based on "ripples of harm" allegedly stemming from third-party content) (quoting *Fields v. Twitter, Inc.*, 881 F.3d 739, 749 (9th Cir. 2018)).

8. Finally, the fraud-based claims (Counts XII, XIV – XVII), including the claim for violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, fail because Plaintiffs have not identified any alleged misrepresentations sufficient to satisfy Rule 8, let alone Rule 9(b). *See, e.g., Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.,* 631 F.3d 436, 442

(7th Cir. 2011) ("a party who alleges fraud or mistake 'must state with particularity the circumstances constituting fraud or mistake"). Plaintiffs identify only one allegedly misleading statement by Roblox—that Roblox "provides a fun, supportive, and educational space where your child's imagination can thrive," Compl ¶ 322—but they do not explain why the statements are false, as Rule 9(b) requires. *See, e.g.*, *Pirelli*, 631 F.3d at 441 (a plaintiff alleging fraud must describe the '"who, what, when, where, and how' of the fraud"). Plaintiffs also fail to allege that they even read Roblox's allegedly misleading statements before deciding to use Roblox. This is an independently sufficient basis for dismissal because fraud-based claims require plausible factual allegations of actual reliance. *See, e.g.*, *Morse v. Abbott Lab'ys*, 756 F. Supp. 1108, 1112 (N.D. Ill. 1991) (dismissing fraud claims in a class action where plaintiffs failed to allege that they read the "misleading" statements or "even knew of their existence").

Roblox incorporates by reference the argument set forth in its Memorandum in Support of Its Motion to Dismiss, file contemporaneously herewith.

WHEREFORE, for the reasons stated herein and in Roblox's Memorandum in Support of Its Motion To Dismiss Plaintiffs' Complaint, Roblox respectfully requests that this Court enter an Order dismissing the Complaint in its entirety pursuant to Rule 12(b)(6) and granting any further relief the Court deems just and proper.

Dated: April 19, 2024

Respectfully submitted,

By /s/ *Dominique Savinelli*
Dominique Savinelli, #6323175
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Telephone: (312) 526-1518
dominique.savinelli@huschblackwell.com

Will Stute, *pro hac vice*
Behnam Dayanim, *pro hac vice*
**Orrick, Herrington & Sutcliffe LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel: 202.339.8400
Email: wstute@orrick.com
Email: bdayanim@orrick.com

David P. Fuad, *pro hac vice*
**Orrick, Herrington & Sutcliffe LLP**
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
Tel: 213.629.2020
Email: dfuad@orrick.com

*Attorneys for Defendant*
*ROBLOX CORPORATION*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 19, 2024, a copy of the foregoing was served electronically, via CM/ECF, on all counsel of record who are deemed to have consented such service under the Court's local rules.

/s/ *Dominique Savinelli*