# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACLYN ANGELILLI, Individually and on behalf of D.G., a minor,<br><br>      Plaintiff,<br><br>  v.<br><br>ACTIVISION BLIZZARD, INC.; INFINITY WARD, INC.; TREYARCH CORP.; SLEDGEHAMMER GAMES, INC.; RAVEN SOFTWARE CORPORATION; MICROSOFT CORPORATION; EPIC GAMES, INC.; ROBLOX CORPORATION; WAR DRUM STUDIOS LLC d/b/a GROVE STREET GAMES; ROCKSTAR NORTH LIMITED; ROCKSTAR GAMES, INC.; TAKE-TWO INTERACTIVE SOFTWARE, INC.; SONY INTERACTIVE ENTERTAINMENT, LLC; NINTENDO OF AMERICA INC.; GOOGLE, LLC; and APPLE, INC.,<br><br>      Defendants. | Case No.: 1:23-cv-16566<br><br><br><br>Hon. Manish S. Shah |

**MOTION TO DISMISS OF DEFENDANTS ACTIVISION BLIZZARD, INC., INFINITY WARD, INC., TREYARCH CORP., SLEDGEHAMMER GAMES, INC., RAVEN SOFTWARE CORPORATION, EPIC GAMES, INC., ROCKSTAR GAMES UK LTD., <u>ROCKSTAR GAMES, INC., AND TAKE-TWO INTERACTIVE SOFTWARE, INC.</u>**

Activision Blizzard, Inc., Infinity Ward, Inc., Treyarch Corp., Sledgehammer Games, Inc., Raven Software Corporation, Epic Games, Inc., Rockstar Games UK Ltd. (erroneously named as Rockstar North Limited), Rockstar Games, Inc., and Take-Two Interactive Software, Inc. (together, the "Developer Defendants") move to dismiss all claims in Plaintiff's Complaint (Dkt. No. 1)[1] with prejudice.

1. Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Plaintiff's Complaint should be dismissed with prejudice in its entirety for failure to state a claim upon which relief can be granted.

2. This motion relies on and is supported by the argument and authority in the accompanying memorandum of law filed by the Developer Defendants (the "Developers' Brief"). As explained in the Developers' Brief, all claims against the Developer Defendants should be dismissed for the reasons set forth in the chart below and described in more detail in the paragraphs that follow:

| Cause of Action | Basis for Dismissal |
|---|---|
| I. Strict Liability – Design Defect | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to state a strict-liability claim because video games are neither "products" nor inherently dangerous (§ II.B.1–2) |
| II. Strict Liability – Failure to Warn | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to state a strict-liability claim because video games are neither "products" nor inherently dangerous (§ II.B.1–2) |

---

[1] Developer Defendants have each filed a motion to enforce their respective arbitration agreements with Plaintiffs. They join this Motion to Dismiss and the accompanying supporting memorandum of law conditionally and in the alternative in the event the Court denies their respective pending arbitration motions. They do not waive, and specifically assert, their rights under their respective arbitration agreements.

| Cause of Action | Basis for Dismissal |
|---|---|
| III. Strict Liability – Failure to Instruct | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to state a strict-liability claim because video games are neither "products" nor inherently dangerous (§ II.B.1–2) |
| IV. Negligence – Design | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to allege a legal duty under negligence law (§ II.C) |
| V. Negligence – Failure to Warn | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to allege a legal duty under negligence law (§ II.C) |
| VI. Negligence – Failure to Instruct | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to allege a legal duty under negligence law (§ II.C) |
| VII. Negligence Per Se | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• As Plaintiff's negligence per se claim is predicated on an alleged Children's Online Privacy Protection Act ("COPPA") violation, it fails because COPPA contains an express preemption provision (§ II.D) |
| VIII. Negligence – Ordinary | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to allege a legal duty under negligence law (§ II.C) |
| IX. Gross Negligence | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to allege a legal duty under negligence law (§ II.C) |

| Cause of Action | Basis for Dismissal |
|---|---|
| X. Intentional Infliction of Emotional Distress | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff's allegations are insufficient to establish intentional infliction of emotional distress under Illinois law (§ II.F) |
| XI. Negligent Infliction of Emotional Distress | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to allege a legal duty under negligence law (§ II.C)<br>• Plaintiff's allegations are insufficient to establish intentional infliction of emotional distress under Illinois law (§ II.F) |
| XII. Violation of Illinois Consumer Fraud and Deceptive Trade Practices Act, §§ 815 ILCS 505/1 *et seq*. | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff's claims do not satisfy Rule 9(b) (§ II.E.1) |
| XIII. Violation of Illinois Uniform Deceptive Trade Practices Act, §§ 815 ILCS 510/1 *et seq*. | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff's claims do not satisfy Rule 9(b) (§ II.E.1) |
| XIV. Fraudulent Misrepresentation | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff's claims do not satisfy Rule 9(b) (§ II.E.1) |
| XV. Fraudulent Misrepresentation and Concealment | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff's claims do not satisfy Rule 9(b) (§ II.E.1-2) |
| XVI. Fraudulent Inducement | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff's claims do not satisfy Rule 9(b) (§ II.E.3) |

| Cause of Action | Basis for Dismissal |
|---|---|
| XVII. Negligent Misrepresentation | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff's claims do not satisfy Rule 9(b) (§ II.E.1) |
| XVIII. Civil Conspiracy | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to allege a civil conspiracy claim (§ II.G) |
| XIX. In-Concert Liability | • The First Amendment bars Plaintiff's claims (§ I.A)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to allege an in-concert liability claim (§ II.G) |

3. *First*, the First Amendment bars all of Plaintiff's claims against the Developer Defendants. The video games at issue are expressive, constitutionally protected speech, and the Developer Defendants' development and publication of their protected speech is itself core First Amendment protected activity. *See* Developers' Brief § I.

4. *Second*, all of Plaintiff's claims against the Developer Defendants should also be dismissed because Plaintiff has failed to allege that any of the Developer Defendants' video games (much less any identified feature of those games) proximately caused her or D.G.'s alleged injuries. *See* Developers' Brief § II.A.

5. *Third*, Plaintiff's product liability claims (Counts I–III) should also be dismissed because video games are not "tangible" products subject to Illinois's products liability regime. *See* Developers' Brief § II.B.

6. *Fourth*, Plaintiff's negligence-based claims (Counts IV-VI, VIII, IX, XI, XVII) should also be dismissed because the Developer Defendants did not, as a matter of law, owe any common law (general or specific) or statutory duty of care to Plaintiff. *See* Developers' Brief § II.C.

4

7. *Fifth*, Plaintiff's negligence per se claim (Count VII) is predicated on an alleged Children's Online Privacy Protection Act ("COPPA") violation and fails because COPPA contains an express preemption provision and enforcement of COPPA is limited to state attorneys general and the Federal Trade Commission. *See* Developers' Brief § II.D.

8. *Sixth*, Plaintiff's fraud-based claims (Counts XII-XVII) should also be dismissed because Plaintiff does not allege the time, place, or content of any alleged misrepresentations or how or why they were false, as required by Fed. R. Civ. P. 9(b), and because Plaintiff fails to sufficiently allege actual reliance on any alleged misrepresentation or omission or that the Developer Defendants fraudulently omitted or concealed material information. *See* Developers' Brief § II.E.

9. *Seventh*, Plaintiff's intentional infliction of emotional distress claims (Counts X-XI) should also be dismissed because she has not plausibly alleged that the Developer Defendants' development and publication of video games is "utterly outrageous and has no place in civilized society," as the tort of outrage requires. *See* Developers' Brief § II.F.

10. *Eighth*, Plaintiff's civil conspiracy and in-concert liability claims (Count XVII-XIX) should also be dismissed because each of the predicate claims fail and because Plaintiff has not pleaded any facts that support a plausible inference that the Developer Defendants conspired with any other Defendants to achieve an unlawful purpose. *See* Developers' Brief § II.G.

11.

FOR THESE REASONS, Defendants Activision Blizzard, Inc., Infinity Ward, Inc., Treyarch Corp., Sledgehammer Games, Inc., Raven Software Corporation, Epic Games, Inc., Rockstar Games UK Ltd., Rockstar Games, Inc., and Take-Two Interactive Software, Inc. respectfully request that the Court dismiss them from this action with prejudice, and grant all other relief to which Defendants are entitled.

Dated: April 19, 2024                          Respectfully submitted,

**SWANSON MARTIN & BELL LLP**

Michael A. McCaskey
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-8464
Email: mmccaskey@smbtrials.com

- AND -

**HUESTON HENNIGAN LLP**

Moez M. Kaba*
Allison L. Libeu*
Padraic Foran*
523 West 6th St., Suite 400
Los Angeles, California 90014
(213) 788-4340
Email: mkaba@hueston.com
        alibeu@hueston.com
        pforan@hueston.com

Adam Minchew*
1 Little West 12th St.
New York, New York 10014
(646) 930-4046
Email: aminchew@hueston.com

* Admitted *pro hac vice*

*Attorneys for Defendant Epic Games, Inc.*

**KING & SPALDING LLP**

Geoffrey M. Drake*
TaCara Harris*
1180 Peachtree St., NE, Suite 1600
Atlanta, GA 30309
(404) 572-4600

David P. Mattern*
Paul Weeks*
1700 Pennsylvania Avenue, NW, Suite 900

Washington, DC 20006
(202) 737-0500

Julia Zousmer (IL Bar # 6325189)
110 N. Upper Wacker Dr., Suite 3800
Chicago, IL 60606
(312) 995-6333

* Admitted *pro hac vice*

*Attorneys for Defendants Activision Blizzard, Inc., Infinity Ward, Inc., Treyarch Corp., and Sledgehammer Games, Inc.*

**NEAL, GERBER & EISENBERG LLP**
Lee J. Eulgen
leulgen@nge.com
Tonya G. Newman
tnewman@nge.com
2 N. LaSalle St. Suite 1700
Chicago, IL 60602
Phone: (312) 269-8000

- AND -

**MITCHELL SILBERBERG & KNUPP LLP**
Karin G. Pagnanelli (*Pro Hac Vice*)
kgp@msk.com
Marc E. Mayer (*Pro Hac Vice forthcoming*)
mem@msk.com
Gabriella N. Ismaj (*Pro Hac Vice*)
gan@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Tel: (310) 310-2000
Fax: (310) 312-3100

*Attorneys for Defendants Take-Two Interactive Software, Inc., Rockstar Games UK Ltd. (erroneously named as Rockstar North Limited), and Rockstar Games, Inc.*

7

## **CERTIFICATE OF SERVICE**

      Pursuant to Fed. R. Civ. P. 5(b)(3) and LR 5.9, I certify a copy of the foregoing was filed electronically on April 19, 2024. Service of this filing will be made by operation of the Notice of Electronic Filing issued through the Court's Electronic Case Filing System.

                                                   */s/ Michael A. McCaskey*
                                                   Michael A. McCaskey